# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF SHAWN CHRISTOPHER, BAR NO. 6252.

No. 82110

**FILED**

FEB 19 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
CHIEF DEPUTY CLERK

## *ORDER OF DISBARMENT*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that attorney Shawn Christopher be suspended from the practice of law in Nevada for five years and one day based on violations of RPC 1.3 (diligence), RPC 1.4 (communication), RPC 1.16 (declining or terminating representation), RPC 8.1 (disciplinary matters), and RPC 8.4(d) (conduct prejudicial to the administration of justice). Because no briefs have been filed, this matter stands submitted for decision based on the record. SCR 105(3)(b).

The State Bar has the burden of showing by clear and convincing evidence that Christopher committed the violations charged. *In re Discipline of Drakulich*, 111 Nev. 1556, 1566, 908 P.2d 709, 715 (1995). Here, however, the facts and charges alleged in the complaint are deemed admitted because Christopher failed to answer the complaint and a default was entered.[1]  SCR 105(2). The record therefore establishes that

---

[1]Copies of the complaint and the notice of intent to take a default were served on Christopher via mail at his SCR 79 and home addresses and via email at his SCR 79 email address. Personal service was also attempted on Christopher three times at his home address, at which a process server

SUPREME COURT
OF
NEVADA

(O) 1947A

21-04952

Christopher violated the above-referenced rules by (1) failing to take action in a client's case after receiving a $10,000 retainer, (2) failing to keep the client informed and to respond to requests for information, (3) improperly withdrawing representation without reasonable notice and without returning the client's file and unearned retainer, (4) converting nearly $100,000 of capital from a real estate transaction in which he partnered with a former client for personal use, and (5) failing to respond to the State Bar's inquiries.

Turning to the appropriate discipline, we review the hearing panel's recommendation de novo. SCR 105(3)(b). In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008).

Christopher violated duties owed to his clients (diligence, communication), the profession (failure to respond to lawful requests for information by a disciplinary authority), and the public (misconduct). The record supports the panel's finding that Christopher's mental state was knowing as to his violations of RPCs 1.3, 1.4, and 8.1, and intentional as to his violation of RPC 8.4(d). His misconduct harmed his client and business partner by causing them financial loss and damaged the reputation of the legal profession.

---

witnessed someone looking out of the window but refusing to answer the door, and once at his real estate office, where an employee confirmed that Christopher worked but was rarely in the office.

The baseline sanction for Christopher's misconduct, before considering aggravating and mitigating circumstances, is disbarment. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 5.11 (Am. Bar Ass'n 2017) (providing that disbarment is appropriate when "a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice"). The panel found and the record supports four aggravating circumstances (prior disciplinary offenses, dishonest or selfish motive, bad faith obstruction of the disciplinary proceedings by intentionally failing to comply with rules or orders, and substantial experience in the practice of law) and one mitigating circumstance (personal or emotional problems).

Considering all the factors, including the balance of aggravating and mitigating circumstances and the scope of Christopher's misconduct, we disagree with the recommended downward deviation from the baseline sanction of disbarment. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988) (observing the purpose of attorney discipline is to protect the public, the courts, and the legal profession, not to punish the attorney); *see In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001) ("Although the recommendations of the disciplinary panel are persuasive, this court is not bound by the panel's findings and recommendation, and must examine the record anew and exercise independent judgment."). Christopher's misconduct, which was driven by a dishonest and selfish motive and included his misappropriation of significant funds from a client and from a business partner and his intentional failure to respond to the State Bar's inquiries or participate in

the disciplinary proceedings, seriously and adversely reflects on his fitness to practice law. Such misconduct fits squarely within the parameters of Standard 5.11, warranting disbarment.

Accordingly, we hereby disbar attorney Shawn Christopher from the practice of law in Nevada. Such disbarment is irrevocable. SCR 102(1).[2] Further, Christopher shall pay the costs of the disciplinary proceedings, including $3,000 under SCR 120, within 30 days from the date of this order.

It is so ORDERED.

_____, C.J.
Hardesty

_____, J.
Parraguirre

_____, J.
Silver

_____, J.
Herndon

---

[2]Although the hearing panel also recommended that we order Christopher to reimburse his business partner and pay restitution to his client, as we have noted previously, SCR 102 does not provide for restitution in conjunction with disbarment and restitution cannot be said to further the purpose of attorney discipline when an attorney has been permanently disbarred, so we cannot order restitution in this matter.

STIGLICH, CADISH, and PICKERING JJ., dissenting:

The disciplinary board hearing panel's findings and unanimous recommendation are persuasive and in accord with our own de novo review. *See In re Discipline of Schaefer*, 117 Nev. 496, 515, 25 P.3d 191, 204 (2001) (observing that although our review is de novo, a hearing panel's findings and recommendation are persuasive). We therefore would impose the recommended five-year-and-one-day suspension, which is consistent with discipline this court has imposed for similar misconduct. The majority of the misconduct here concerned Christopher's representation of one client, and the panel recommended ordering Christopher to pay that client restitution for unearned fees and to reimburse an equal business partner for misappropriated funds in a real estate transaction unrelated to Christopher's practice of law. The recommended lengthy suspension is significantly laden with requirements for reinstatement, *see* SCR 116(2), (5), and is sufficient to protect the public and the integrity of the profession. Accordingly, we dissent.

_____, J.
Stiglich

_____, J.
Cadish

_____, J.
Pickering

cc:  Chair, Southern Nevada Disciplinary Board
     Shawn Christopher
     Bar Counsel, State of Nevada
     Executive Director, State Bar of Nevada
     Admissions Office, U.S. Supreme Court